ADELAIDE L. DE LUKACSEVICS, petitioner,

*v.*

CHARLES DE LUKACSEVICS, defendant.

[Decided June 24th, 1917.]

1. A writ of sequestration to enforce the payment of alimony places *in custodia legis* the property sequestered, and no right can be acquired in that property except subject to the operation of the writ.

2. The operation of a writ of sequestration issued in an alimony case extends to secure not only alimony due at the time of the issuance of the writ but alimony which may subsequently accrue.

---

On petition of certain creditors for relief.

*Mr. Edward A. Levy* and *Mr. Frederick A. Heisley,* for the creditors.

*Mr. Frederick S. Taggart,* for the petitioner.

LANE, V. C.

These are applications on behalf of certain judgment creditors of the defendant, Charles de Lukacsevics, and also on behalf of the holder of a note made by defendant, upon which note is endorsed a statement that certain automobiles hereinafter mentioned are held as collateral, to obtain payment of their respective debts from a fund in the possession of an officer of this court under a writ of sequestration. Pending this suit the court made an order for temporary alimony. The defendant had appeared. The order was not complied with. The defendant left the state. Thereupon the court, under the provisions of the twenty-sixth section of the Divorce act of 1907 issued its writ of sequestration under which the sheriff took in his possession two automobiles and certain other personal property of the defendant and entered upon real estate of the defendant and sequestered the rents and profits. Thereafter a receiver was appointed who superseded the sheriff, and who now has in his possession one of the automobiles and a fund of some $200, the balance of the proceeds of sale of the other automobile, the remainder of the money having been used to pay alimony to the petitioner up to the 14th of April, 1917.

The real estate is said to be worth in excess of $10,000, but in its present condition is unrentable, and it will be necessary to expend in the neighborhood of between four and five hundred dollars for taxes and repairs. All of the judgments were obtained after the writ of sequestration had been issued and executed. Under the cases of *Wood* v. *Price, 79 N. J. Eq. 1; affirmed, 79 N. J. Eq. 620; Close* v. *Close, 28 N. J. Eq. 472,* it seems to me that there is no doubt but that the execution of a writ of sequestration in cases of this nature places *in custodia legis* the property of the defendant sequestered to satisfy or compel the satisfaction of the claims of the wife for alimony, and that no rights can be acquired in the property except subject

to the operation of the writ. The operation of the writ extends to secure not only alimony due at the time of the issuance of the writ, but alimony which may subsequently accrue. I think that the property sequestered is no more than reasonably necessary in view of the circumstances, to retain for the purpose of satisfying or compelling satisfaction of the claims of the petitioner. This results in the application of the creditors being denied. So far as the owner of the note is concerned, he took no chattel mortgage or other instrument which might be recorded evidencing his lien, nor did he take actual or constructive possession of the chattels, so that the lien under the writ is superior to his rights, if any he has.